# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
September 29, 2024
Lyle W. Cayce
Clerk

No. 24-70005

Garcia Glenn White,

*Petitioner—Appellant*,

versus

Bobby Lumpkin, *Director, Texas Department of Criminal Justice, Correctional Institutions Division*,

*Respondent—Appellee*,

consolidated with

Nos. 24-20428, 24-20435

In re Garcia Glenn White

*Movant.*

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:02-CV-1805
_____

Before Elrod, Willett, and Ho, *Circuit Judges.*

24-70005
c/w Nos. 24-20428, 24-20435

PER CURIAM:[*]

Garcia Glenn White seeks an order authorizing the district court to consider his successive habeas application. For the reasons stated below, we DENY White's motion.

I

In 1996, a Harris County, Texas jury convicted White of capital murder and sentenced him to death for murdering Bernette and Annette Edwards. Both White's conviction and his sentence were upheld on direct review and in his numerous collateral attacks. To date, White has pursued at least six state habeas petitions and two federal habeas petitions.

On June 25, 2024, the State of Texas scheduled White's execution date for October 1, 2024. To forestall his execution, he has filed a flurry of last-minute challenges in this court and others. White filed this motion on September 24, just seven days before his scheduled execution.

II

In this challenge, White moves for authorization to file a successive federal habeas application under 28 U.S.C. § 2244(b). We grant such authorization only when a movant "makes a prima facie showing that the application satisfies the requirements" of § 2244(b). 28 U.S.C. § 2244(b)(3)(C). As an initial matter, any claim "that was presented in a prior application shall be dismissed." *Id.* § 2244(b)(1). Then, an applicant must show that a new claim arises under one of two exceptions. First, a claim may proceed if it "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244(b)(2)(A); *In re Burton*, 111 F.4th 664, 665–66 (5th

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

Cir. 2024). Second, the claim may be raised if "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and those facts, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B); *In re Burton*, 111 F.4th at 666. The movant must also make a *prima facie* showing that his claim has merit. *In re Johnson*, 935 F.3d 284, 294 (5th Cir. 2019).

Next, the movant must also show that his successive petition is timely under § 2244. *In re Jones*, 998 F.3d 187, 189 (5th Cir. 2021). As relevant here, the petition must be brought within one year of "the date on which the constitutional right asserted was initially recognized by the Supreme Court" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," whichever is later. *Id.* § 2244(d)(1)(C)–(D).

White seeks to raise three claims in the district court: (1) that he is ineligible for execution under the Eighth Amendment and *Atkins v. Virginia*, 536 U.S. 304 (2002), because he is intellectually disabled; (2) that DNA evidence and evidence of "cocaine psychosis" show he is innocent of the death penalty;[1] and (3) that he is entitled to reweighing of aggravating and mitigating evidence. White fails to commit to whether he moves pursuant to § 2244(b)(2)(A) or § 2244(b)(2)(B), but we cannot grant his motion no matter how we construe it.

A

---

[1] Innocence of the death penalty means that some condition of eligibility for the death penalty has not been met. *See Murphy v. Nasser*, 84 F.4th 288, 293 (5th Cir. 2023).

3

24-70005
c/w Nos. 24-20428, 24-20435

To begin, White's second claim—that DNA evidence and evidence of "cocaine psychosis" would show he is innocent of the death penalty—is barred on either view. Section 2244(b)(1) applies to both new-rule and new-fact claims and requires us to dismiss claims presented in prior § 2254 applications. And since White's DNA- and cocaine-based claims are identical to claims he brought in his first federal habeas petition, we must dismiss them on these grounds. *See White v. Thaler*, No. H-02-1805, 2011 WL 4625361, at *4 (S.D. Tex. Sept. 30, 2011).

B

If framed as § 2244(b)(2)(B) new-fact claims, White's arguments run headlong into the statutory text because they deal with death-penalty eligibility rather than guilt. Section 2244(b)(2)(B)(ii) requires evidence that goes to whether a "reasonable factfinder would have found the applicant guilty of the underlying offense." § 2244(b)(2)(B)(ii). But White's claims as to his intellectual disability, DNA evidence, and cocaine psychosis go toward his punishment, not his guilt. He argues that, under *Sawyer v. Whitley*, 505 U.S. 333 (1992), he is "innocent of the death penalty" and cannot be executed. He makes no argument, however, that he is actually innocent of the underlying crime of capital murder, as required by the statutory text and later caselaw. *In re Sparks*, 939 F.3d 630, 633 (5th Cir. 2019) (reasoning that the applicant failed to meet the requirements of § 2244(b)(2)(B) because he "ha[d] not attempted to demonstrate actual innocence of the crime"). Accordingly, because "there is no reason to believe that Congress intended the language 'guilty of the offense' to mean 'eligible for a death sentence,'" § 2244(b)(2)(B) cannot sustain White's claims. *In re Webster*, 605 F.3d 256, 257–59, 257 n.2 (5th Cir. 2010) (drawing this conclusion regarding 28 U.S.C. § 2255(h)(1)'s nearly identical language and noting that the provisions are often read "*in pari materia*").

24-70005
c/w Nos. 24-20428, 24-20435

On this view, we also would dismiss White's claims as time-barred under § 2244(d)(1)(D). The only newly identified evidence White points to stems from affidavits recently obtained from friends and family in support of his *Atkins* claim.[2] But White fails to justify that evidence's last-minute discovery. It cannot be that his imminent execution date was some necessary trigger, because if it were, those same witnesses would have come forward the last time the state set an execution date, in 2015. White very well may be correct that his loved ones "spent their whole lives protecting [him] against the stigma" associated with intellectual disability, but even if this is true, this same care and concern would also have encouraged them to do everything they could to help him avoid execution. White has not demonstrated any reason why these facts could not have been discovered more than one year prior to the filing of this motion, so § 2244(d)(1)(D)'s limitation period forecloses his claim.[3] *Cf. In re Cantu*, 94 F.4th 462, 470 (5th Cir. 2024) (emphasizing, in a § 2244 reasonable-diligence analysis, that the individual with knowledge of the relevant evidence was the applicant's aunt). White

---

[2] White does not identify any newly identified evidence that would support his DNA or cocaine-psychosis claims. Nor could he. White's DNA-based evidence stems from a July 18, 2003 order entered by the district court. *White*, 2011 WL 4625361, at *3. That is, he discovered this evidence long before one year prior to filing this motion. And though he argues that "[t]here is also strong new scientific evidence for a defense of cocaine psychosis," he does not identify what that evidence is. However, based on his own exhibits, that evidence was available, at the very latest, in 2015, much longer than one year ago.

[3] Perhaps anticipating this conclusion, White argues that these sorts of claims can never be time-barred, at least as a practical matter. But this proposition ignores our well-settled precedent to the contrary. *See In re Burton*, 111 F.4th at 666 (collecting cases); *see also id.* at 666–67 (rejecting arguments similar to White's).

also does not present any argument for equitable tolling, so that doctrine cannot salvage his claim.[4]

C

The same outcome results if we view White's claims as § 2244(b)(2)(A) new-rule claims. White filed his first amended habeas petition in 2009, after *Atkins* was decided in 2002. To the extent White asserts that his claim of intellectual disability only became available after the *Moore v. Texas* cases,[5] he has not shown that those cases were made retroactive by the Supreme Court. *See In re Sparks*, 939 F.3d at 632 (citing *Shoop v. Hill*, 586 U.S. 45, 49–52 (2019)); *In re Milam*, 838 F. App'x 796, 798 (5th Cir. 2020) (unpublished) ("We have not definitively rejected or supported the contention that *Moore* is a new retroactive rule of constitutional law in the context of successive habeas petitions sought under 28 U.S.C. § 2244."). Further, "'even if we count *Moore* as the starting date' for [White's] intellectual disability claim, 'the statutory time limit for asserting this claim is one year following *Moore*.'" *In re Jones*, 998 F.3d at 190. The *Moore* cases were decided in 2017 and 2019, so White's 2024 petition is time-barred.

White's two other arguments based on asserted legal changes fail for similar reasons. He cites the Supreme Court's grant of a stay in *Gutierrez v. Saenz*, 144 S. Ct. 2718 (2024), and the Texas Court of Criminal Appeals'

---

[4] To the extent we consider outside counsel Capital Habeas Unit's argument for tolling, *see infra* note 7, it is unavailing. Equitable tolling is available where a party has "pursu[ed] his rights diligently" and "extraordinary circumstance[s] . . . prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). That is not the case here, and this record of egregiously dilatory filings does not justify decades of equitable tolling.

[5] 581 U.S. 1 (2017); 586 U.S. 133 (2019).

decision in *Ex parte Andrus*, 622 S.W.3d 892 (Tex. Crim. App. 2021). However, he fails to show that these cases created "a new rule of constitutional law," much less one made retroactive by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2)(A).

Finally, White has not made a *prima facie* showing that his *Atkins* claim has merit. His motion does not identify the particular evidence of intellectual disability on which he relies, and he does not even cite the standards for a finding of intellectual disability. However, we have considered the evidence presented and conclude that it does not meet the *prima facie* standard. The first prong of a finding of intellectual disability, "intellectual-functioning deficits, is typically 'indicated by an IQ score "approximately two standard deviations below the mean"—*i.e.*, a score of roughly 70—adjusted for "the standard error of measurement[.]"'" *In re Cathey*, 857 F.3d 221, 236 (5th Cir. 2017) (quoting *Moore*, 581 U.S. at 7). However, White's IQ score has been tested at 78, resulting in a range of 73 to 83. Our court "has not recognized the Flynn effect['s]" downward adjustment of IQ scores inversely proportional to age, *Brumfield v. Cain*, 808 F.3d 1041, 1060 n.27 (5th Cir. 2015), and the Supreme Court has noted that it is a "controversial theory." *Dunn v. Reeves*, 594 U.S. 731, 736–37 (2021). Thus, we are not required to adjust White's IQ scores downwards and do not choose to do so today. Because the lower end of his score range is not at or below 70, we are not required to consider his adaptive deficits, *see Moore*, 581 U.S. at 14, and White cannot make a *prima facie* showing of the merits of his claim. Accordingly, White's claims cannot proceed on a new-rule theory.

### III

In conclusion, no matter how we construe White's motion, he cannot satisfy § 2244(b)'s stringent filing requirements. His *Atkins* claim fails § 2244(b)(2)(B) because it (1) challenges punishment, not guilt and (2) is

24-70005
c/w Nos. 24-20428, 24-20435

time-barred under § 2244(d)(1)(D). Moreover, it fails § 2244(b)(2)(A) because he has neither (1) relied on a retroactive new rule of constitutional law nor (2) made a *prima facie* showing that it has any merit. White's remaining claims fail for the same reasons.

Because we conclude that White has not satisfied § 2244(b),[6] we are statutorily required to DENY his motion for leave to file a successive habeas application.[7] Further, because of our § 2244 determination, "we have no authority to grant a stay of execution." *In re Burton*, 111 F.4th at 667 (quoting

---

[6] The state also argues that White's *Atkins* claim is "subject to AEDPA's relitigation bar" insofar as it has been procedurally defaulted. The state may be correct in light of the Texas Court of Criminal Appeals' disposition of that claim. *See Ex parte White*, No. WR-48,152-09, at 2–3 (Tex. Crim. App. Sept. 18, 2024) (dismissing White's claim as an abuse of the writ); *Hughes v. Quarterman*, 530 F.3d 336, 342 (5th Cir. 2008) ("This court has held that, since 1994, the Texas abuse of the writ doctrine has been consistently applied as a procedural bar, and that it is an independent and adequate state ground for the purpose of imposing a procedural bar."). *But see In re Cathey*, 857 F.3d at 236 ("Importantly, 'the state court findings concerning the *Atkins* claim are wholly irrelevant to our inquiry as to whether [the petitioner] has made a *prima facie* showing of entitlement to *proceed* with his federal habeas application, which is an inquiry distinct from the burden that [the petitioner] must bear in proving his claim in the district court.'" (alterations in original) (quoting *In re Wilson*, 442 F.3d 872, 878 (5th Cir. 2006))). Regardless, though, we need not address the state's argument because of our determination that White cannot otherwise satisfy § 2244(b)'s filing requirements. *Johnson v. Dretke*, 442 F.3d 901, 912 (5th Cir. 2006).

[7] We also have before us a separate appeal filed by outside counsel—the Capital Habeas Unit of the Federal Public Defender's Office of the Western District of Texas—ostensibly on White's behalf. That appeal seeks to challenge the district court's denial of White's motion to substitute counsel and for a stay of execution. The Capital Habeas Unit has also filed a motion in our court for a stay of execution. We consolidated all of White's related cases for purposes of briefing. Even assuming *arguendo* that the Capital Habeas Unit is properly authorized to bring this appeal, the district court did not abuse its discretion in denying the motion to substitute counsel. *See Christeson v. Roper*, 574 U.S. 373, 377 (2015). The motion was untimely; the district court conducted an adequate inquiry into White's complaint; and, as our analysis shows, the motion that the Capital Habeas Unit seeks to file on White's behalf would be futile. *See id.* at 377, 380. Thus, we AFFIRM the district court's denial of the motion to substitute counsel.

8

24-70005
c/w Nos. 24-20428, 24-20435

*In re Sparks*, 939 F.3d at 633).[8] Accordingly, we DENY his motion for stay of execution and any other motions he currently has pending.[9]

---

[8] Even if we did, we would not do so. We consider four factors when evaluating whether to grant such stays: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of a stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re Burton*, 111 F.4th at 667 n.4 (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). We recognize, of course, the gravity of this case, and we do not doubt that Mr. White's imminent execution will constitute irreparable harm. But because none of the rest of the factors are met, we would nevertheless deny the motion for a stay of execution included in the § 2244 motion.

For the same reasons and because White is not entitled to substituted counsel, we AFFIRM the district court's denial of a stay of execution and DENY the motion for a stay filed by the Capital Habeas Unit. White's argument for a stay under *McFarland v. Scott*, 512 U.S. 849 (1994), depends on his asserted need for substituted counsel. Thus, it was not an abuse of discretion for the district court to deny a stay, and we decline to grant a stay.

[9] Finally, the Rule 60(b) motion, transferred to our court, is DENIED as a successive habeas petition for all the reasons stated above. We also DENY the motion to supplement the record filed by the Capital Habeas Unit. "We will not ordinarily enlarge the record on appeal to include material not before the district court." *United States v. Flores*, 887 F.2d 543, 546 (5th Cir. 1989). And the material proffered by White neither justifies the egregious dilatoriness of his filings nor establishes authorization to submit a successive application for habeas.